PER CURIAM:
On December 5, 1989, claimants Andrew Jones, his wife Cledith, and their seven year old son, Jeremy, were traveling on State Route 80 approaching the town of Bradshaw in McDowell County. Route 80 is paralleled by a high rock cliff that is neither terraced nor stepped. The cliff which is located close to Bradshaw has been the subject of public controversy. Parents have complained that school buses were in danger of rock slides. Mr. Jones testified that as he drove his 1971 Pontiac Catalina into Bradshaw on the day of the incident, his car was struck by approximately five rocks from the cliff. The rocks hit and damaged the roof, passenger side window, and windshield of the vehicle. Although the car was driven from the accident scene, it was subsequently determines a total loss, and taken to a salvage yard. Claimant estimates the vehicle loss at $500.00, however no testimony was provided as to whether he received a salvage payment for the value of the vehicle. The claimants were treated at Welch Emergency Hospital for trauma and minor bruises after the accident. Their medical expenses were in the amount of $848.00. The claim was brought in the amount of $4000.00, for combined vehicle loss and bodily injury. Mr. Jones complaints of impaired hearing as a result of the accident, and testified that his wife and son suffer from repeated nightmares of the rock fall. Neither Mr. Jones and nor Mrs. Jones sustained work loss.
Claimant’s two witnesses, Harmon Stinson and Jack Miller, were traveling together behind the claimant’s car when the accident occurred. Both testified that claimant’s car was struck by falling rock. Mr. Stinson testified that the accident occurred around 10:00 a.m. and the weather was clear. He further testified that the accident area was known to have rock slides, although respondent had undertaken repairs. He believes the repairs completed in 1987, two years prior to this accident, were “not a success, and rock fell right after they got done, and it’s still falling up there.” Mr. Miller testified that the repairs were not effective, stating “it hasn’t helped any, they didn’t take anything off the top to keep the rocks from falling down.” He further testified, “there’s no screen or net, ledge, or anything there to protect motorists from rocks falling off of there.” Neither witness, however, testified to notifying respondent of subsequent rock falls, or of perceived fears of same.
Respondent avers that the repairs to the cliff were effective, and that no notice was provided of further rock falls, or dangerous conditions, until claimant’s accident. William Bennett, a registered civil engineer and maintenance employee of respondent responsible for the Bradshaw area, testified that complaints were received concerning the cliff in the early 1980's, however the complaints ceased after respondent completed a $737,000.00 scaling of this cliff. Mr. *169 Bennett testified, “since the completion of the project, there have not been any complaints received at the district level.”
An additional witness for respondent, Charles Lane, an assistant county road supervisor, testified that the overhanging cliff was repaired in 1987, and no complaints have been received about the cliff after 1987. Mr. Lane testified that what discussion he had with claimant concerned only coal trucks damaging Route 80, with no discussion ever made of the cliff.
Vincent Cantrell, a current school teacher and former patrolman for the town of Bradshaw testified that he had investigated the claimants’ accident in 1989, and was called as a witness for respondent. Mr. Cantrell testified objectively that after the 1987 repairs to the cliff, “there had been no appreciable amount of rock (falling) at all. ” He further testified that after these repairs, no reports of rock slide accidents were received until claimant’s. Mr. Cantrell also indicated to the Court that he had eight years of experience as a coal miner, and was knowledgeable about the nature of sandstone rock layers. He observed that the cliff was “sagging” prior to its repair in 1987. He even would estimate when the rock slides would occur. However after 1987, he believed the repairs to be adequate and no longer saw or predicted rock falls.
The case law governing liability for rock falls permits a finding of negligence against respondent, when “it has been demonstrated that respondent knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and adequate precautions to remove the hazard to warn motorists were not taken.” Hammond v. Dept. of Highways, 11 Ct.Cl. 234 (1977).
The Court, having reviewed the evidence in this claim, is the opinion that respondent’s repairs to the cliff appeared to ameliorate the rock fall hazard, signs were present warning of the hazard, and the community was on notice that this is an area with a propensity for falling rocks. Claimant has not demonstrated to this Court that respondent failed to take adequate precautions to remove the hazard or warn of same. The evidence is uncontroverted that substantial and extensive repairs were made to prevent the hazard complained of, and such repairs did significantly reduce the rock fall hazard. Although the Court is sympathic with claimants and recognizes that this accident occurred through no fault of their own, the Court is constrained to adhere to the applicable law which provides that the State is neither an insurer nor guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). Accordingly, this claim is denied.
Claim disallowed.